**BALDWIN et al. v. LATHAM.**

**Civ. No. 7016.**

District Court, W. D. Pennsylvania.
March 26, 1948.

Albert A. Griffin, of Bradford, Pa., for plaintiffs.

No appearance for defendant.

McVICAR, District Judge.

This cause came on for hearing on plaintiffs' application for a preliminary injunction, after due notice to defendant, and the court, having heard the evidence and considered plaintiffs' bill, finds the facts and states the conclusions of law as follows:

Findings of Fact

1. That the plaintiffs, Sara Mullin Baldwin and Charlotte V. Kille, doing business as Mullin-Kille Company, are individuals residing in Columbus, Ohio, and the amount involved in this controversy is in excess of $3,000.

2. Defendant, by bill of sale dated September 6, 1944, sold to one Ray L. Sturm of the City of Bradford, McKean County, Pennsylvania, in consideration of the sum of $1,000, all defendant's right, title and interest in the resident and business directories of the City of Bradford and surrounding territory of McKean County, Pennsylvania as published by defendant from 1939 to 1940, and agreed in said bill of sale not to conduct, publish or solicit for the publication, directly or indirectly, any other city, township or county directory in the City of Bradford without the written consent of the said Ray L. Sturm, his heirs and assigns, and further agreed that the said Ray L. Sturm, his heirs and assigns, should have the sole and exclusive right to use, and use of, the name "Latham" or "Latham Directory" in and for any city and business directory in the City of Bradford and McKean County, Pennsylvania, which Sturm or his heirs.

or assigns would thereafter conduct or publish, and agreed to assist the said Ray L. Sturm, his heirs or assigns, in the soliciting of advertising, instructions of canvassers, and advice in the publication of the directory which Sturm would publish.

3. Plaintiffs purchased from Ray L. Sturm the rights acquired by him under the bill of sale from defendant.

4. That subsequent to the purchase of the rights of Sturm which he had acquired from Latham, plaintiffs began the solicitation of advertising for the purpose of publication of a new directory for the City of Bradford, which activities began the latter part of December, 1947.

5. That subsequent to the beginning of the activity on the part of plaintiffs for the publication of a new directory in the City of Bradford, the defendant began the solicitation of advertising for the purpose of publishing a directory in the City of Bradford.

6. That the activity of defendant in soliciting advertisements for a new directory and in giving notice that he is again publishing a directory in the City of Bradford has occasioned to plaintiffs a large amount of extra work and expense, and is hindering plaintiffs materially in their efforts to publish a new directory in the City of Bradford.

7. That plaintiffs plans are to publish a city directory every 24 months, and defendant's activities in attempting to publish another directory in the City of Bradford would create the same difficulties, resulting trouble, and expense to plaintiffs each time that they attempt to publish a directory in the City of Bradford unless defendant is restrained.

#### Conclusions of Law

1. That this court, by reason of the diversity of citizenship and the amount involved, has jurisdiction in this case.

2. That plaintiffs, by the assignment from Ray L. Sturm, acquired all right, title and interest of the defendant in the resident and business directories of the City of Bradford and surrounding territory of McKean County, Pennsylvania as published by him in 1939–1940.

3. That the acts of defendant in soliciting advertising and in advertising his intention to publish a directory in the City of Bradford are contrary to and in violation of his agreement with Ray L. Sturm, plaintiffs assignor.

4. That plaintiffs, by reason of defendant's violation of his agreement, have suffered immediate and irreparable damage.